UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Craig McLeod, | Civil Action No.: _____ |
| Plaintiff, v. | |
| Valentine & Kebartas, Inc., | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, Craig McLeod, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Craig McLeod (hereafter "Plaintiff"), is an adult individual residing in Cos Cob, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Valentine & Kebartas, Inc. (hereafter "Defendant"), is a Massachusetts corporation with a principal place of business at 15 Union Street, Lawrence, Massachusetts 01840, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant attempted to collect the debt by continually harassing the Plaintiff with telephone calls.

10. The Defendant called the Plaintiff multiple times every week.

11. The Defendant was rude and abusive on the telephone with the Plaintiff, and continually verbally abused the Plaintiff.

12. The Defendant informed the Plaintiff that it would file a lawsuit against the Plaintiff unless the Plaintiff immediately borrowed money to settle the debt.

13. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

16. The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

17. The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

18. The Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

19. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

20. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

23. Connecticut further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Connecticut state law.

24. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls and threats.

25. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

26. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

27. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

28. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT III

### VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,
### Conn. Gen. Stat. § 42-110a, *et seq.*

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Defendant is a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

31. The Defendant engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

32. The Plaintiff is entitled to damages as a result of the Defendant's violations.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 4, 2009

Respectfully submitted,

By _____

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs